[Civ. No. 518. Fifth Dist. June 11, 1965.]

MERRILL L. ROBERTSON, as Administrator With the Will Annexed, etc., Plaintiff and Respondent, v. UNITED STATES NATIONAL BANK, Defendant and Appellant.

Howard H. Taylor for Defendant and Appellant.

Richard M. Rand for Plaintiff and Respondent.

CONLEY, P. J.—United States National Bank appeals from a judgment in the sum of $26,163.17, besides interest and costs, in favor of Merrill L. Robertson, administrator with the will annexed of the estate of Laura Fortune Beck.

As special administrator of the estate of Laura Fortune Beck, Mr. Robertson filed a complaint against the defendant for the recovery of money deposited with the bank by decedent during her lifetime. The complaint alleged that Laura Fortune Beck, a resident of Orange County, Florida, died testate on or about August 13, 1961; that she then had on deposit in the bank at San Diego the total sum of $26,163.17, including a savings account of $25,513.57, and a checking account with a balance of $649.60; that said sums constituted the estate of said decedent in the State of California within the meaning of the Probate Code; and that no probate proceedings, other than those instituted by plaintiff on March 17, 1964, had ever been held. It was then alleged that defendant

delivered all of said funds to the foreign executor of the decedent's estate without first complying with the provisions of the Probate Code of California. The foregoing allegations of the complaint were admitted by the defendant through a failure to deny any of them in the answer filed by the bank.

There were additional allegations contained in the complaint, which were denied generally in the answer. Such essentially immaterial allegations were: that it was on or about June 1962, that the defendant delivered all of said funds to a foreign executor; that there are persons who have claims against the decedent and her estate, and an interest therein, who, in the month of June 1962, would have objected to the removal of said funds from the state, and that such persons were deprived of an opportunity of making such objections because of defendant's failure to comply with the provisions of the Probate Code; that, since his appointment as special administrator, plaintiff has received statements from a California resident having an interest in the estate as a legatee objecting to the removal of any property of the decedent from the State of California, and that plaintiff, as special administrator, has received a claim of a creditor of the decedent in excess of the sum for which plaintiff seeks relief in the complaint; that the defendant has rejected plaintiff's written demand for the payment of said sum to the California estate.

The answer also contains the following allegation as a first affirmative defense: ''That if any probate proceedings had taken place in the State of California, said proceedings would have been completed and any property of LAURA FORTUNE BECK disbursed pursuant to said probate proceedings prior to any claims arising against said estate and prior to the presentment of any claims against said estate.''

The plaintiff moved for a judgment on the pleadings, on the ground that the answer failed to state facts sufficient to constitute a defense; the motion was based upon the notice of motion and upon the pleadings, papers, files, and records in the case, and facts of which the court might take judicial notice. The motion was correct in form. It was granted, and defendant appeals.

 The plaintiff had the right and the duty to request ancillary probate of the will of the decedent in California as there was property belonging to the decedent located in this state (Prob. Code, §§ 360-362, 1040 et seq.; *Estate of Reynolds,* 217 Cal. 557 [20 P.2d 323] ; *Estate of Estrem,* 16 Cal.2d 563 [107 P.2d 36] ; 20 Cal.Jur.2d, Executors and Adminis-

trators, § 39, pp. 74-75; 21 Cal.Jur.2d, Executors and Administrators, § 968, p. 382 et seq.; 1 Condee, Cal. Practice, Probate Court Practice (2d ed.) § 108, pp. 102-103; 2 Condee, Cal. Practice, Probate Court Practice (2d ed.) § 1754, pp. 538-539).

In *Richards* v. *Blaisdell,* 12 Cal.App. 101, 110 [106 P. 732], it is said: ''This local administration is provided for the protection of local creditors and claimants. No state should allow property to be taken from its borders until debts due its own citizens have been satisfied. Our statute provides for administration upon the estate of any nonresident who has died leaving property in this state. To obtain such letters it is not necessary to show that there are creditors or that the property requires care to preserve it, and the law provides a mode for ascertaining whether there are any local creditors after the administration is begun. The administration, though called ancillary to distinguish it from the administration of the last residence of the decedent, is wholly independent of it. Only the surplus remaining after full administration can be remitted to the domiciliary representative for distribution. (See Code Civ. Proc., § 1667.) Whether there are any local creditors can only be determined by giving the notice to creditors required by the law of this state. (*McCully* v. *Cooper,* 114 Cal. [258], 263 [46 P. 82, 55 Am.St.Rep. 66, 35 L.R.A. 492].)''

While, in the normal case, because of comity, distribution would ultimately be regulated by the applicable laws of decedent's last residence, the courts of California in the process of ancillary administration have powers which are not inconsiderable. Among the questions to be disposed of by the California probate court in the course of ancillary administration are a determination of the indebtedness of decedent, if any, to claimants properly filing their demands in the California court, and the amount of costs and attorney's fees to be ordered paid for the local administration. Where the ancillary administration takes place, the local courts, subject to local statutes, have the right to ''. . . deal with the property of a decedent within its jurisdiction, so far as creditors are concerned, according to its pleasure, . . .'' (*Estate of Apple,* 66 Cal. 432, 434 [6 P. 7]), and to determine what expenses should be allowed to the administrator with the will annexed and what attorney's fees should be granted for legal services in the ancillary estate. (*Estate of Turner,* 50 Cal.App.2d 332 [123 P.2d 66].)

Whatever is left ultimately in the ancillary estate after the payment of legitimate claims, expenses, and attorney's fees, may be delivered to the foreign executor in the discretion of the court (Prob. Code, § 1040). That this final potential order depends upon discretion is set forth not only in the controlling code section, but in approving cases decided in this jurisdiction. (See *Estate of Lathrop,* 165 Cal. 243, 249 [131 P. 752].) Thus, the ancillary administration of an estate is not merely nominal or incidental; it involves important questions with discretionary powers given to our courts in many instances.

██ It is clear, therefore, that the judgment of the trial court is sound unless there exists some statutory exception or divergency which has been complied with for or on behalf of the defendant. The only possibility in this respect turns on section 1043 of the Probate Code, which provides a potential shortcut for holders of property of a decedent such as the defendant in this case. The section provides that a foreign executor or administrator to whom letters have been issued in the estate of a nonresident decedent, who wishes to collect a claim, or receive personal property located in this state may publish in a newspaper of general circulation in the county where the property is located a notice to all persons interested in said estate as creditors, heirs, legatees, or devisees, setting forth the names and addresses of the decedent, and the person or persons in California indebted to the decedent or holding personal property belonging to him, and stating that such executor or administrator desires to collect the claim or receive the personal property and remove it from the state; such notice must require all persons having claims against the decedent, or an interest in his estate, who wish to object to such removal, to give written notice thereof to the person indebted to, or holding personal property of, the decedent within three months after the first publication of the notice.

Probate Code section 1043 proceeds as follows: "Upon the expiration of three months after the first publication of said notice, if the person so indebted to or holding personal property of the decedent either has not received written notice from any person claiming as a creditor, heir, devisee or legatee and objecting to such removal, or has received the consent of such person, then he may pay such debt or deliver such personal property to the executor or administrator, upon receipt of the following:

"(1) An affidavit of the executor or administrator averring

to the best of his knowledge and belief that no other letters on said estate are then outstanding, that no petition for such letters is then pending in this State, that no ancillary proceedings will be brought, and that there are no unpaid creditors of the decedent or the estate in this State who have not consented to such removal;

" (2) An authenticated copy of his letters;

" (3) Consent to the transfer of the State Controller, or a person authorized by him to issue such consent; and

" (4) An affidavit showing publication of the notice required under this section

and be discharged from further liability and responsibility for the debt or property.

" 'Person' as used herein includes a partnership, association, firm or corporation.

"If the person indebted to or holding personal property of the decedent maintains branch offices, the publication shall be in the county where it is located, and the notices and consents by claimants shall be given to, the office or branch at which the account evidencing the indebtedness or credit is carried, or at which the personal property is located or controlled."

But neither the foreign executor, of his own motion, or at the request of the defendant complied with this section of the Probate Code, and, consequently, the defendant is not entitled to rely upon it.

We assume that the bank will take all appropriate measures to protect itself, insofar as it may, from the mistake which it made in paying over the money to the Florida executor, either by suit in Florida against the executor to recover the mistaken payment, or by appropriate proceedings in the ancillary estate in California; obviously, the local court should be forewarned not to permit the payment of whatever balance may ultimately remain in the local estate to the foreign executor without affording the defendant bank an opportunity to be heard, for the purpose of receiving such payment as may be left in the ancillary estate, if it has not otherwise recovered the payment made by it to the Florida executor.

The judgment is affirmed.

Brown (R. M.), J., and Stone, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 4, 1965.