**In the Matter of the Worker's Compensation Claim of Michael A. WILLIAMS, Appellant (Employee–Claimant),**

**and**

**City of Rawlins, Appellant (Employer–Respondent),**

**v.**

**STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Objector–Defendant).**

**No. 97–125.**

Supreme Court of Wyoming.

April 14, 2000.

Representing Appellant Michael A. Williams: William M. MacPherson of MacPherson Law Offices, LLC, Rawlins, Wyoming.

Representing Appellant City of Rawlins: Thomas A. Thompson of Williams, Kelly, Waldrip & Thompson, LLC, Rawlins, Wyoming.

Representing Appellee: William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

THOMAS, Justice.

The only question presented in this case is whether coverage under the Wyoming Worker's Compensation Act, Wyo. Stat. Ann. §§ 27–14–101 through 27–14–805 (Lexis 1999), extends to prophylactic blood tests when there is no other treatment of any injury. Michael A. Williams (Williams), a police officer with the City of Rawlins, in the course of effecting an arrest and aiding battery victims, contacted blood from the suspect and the victims. Williams had open wounds and scrapes on his hands that he had suffered previously. He incurred additional wounds to his hands during the arrest, but he did not seek or obtain any medical treatment for those wounds. He did obtain blood tests for HIV and Hepatitis B. After denial of compensation for the blood tests, Williams objected, and following a contested case hearing, the hearing examiner ruled that possible exposure to illness or communicable disease does not constitute an injury under the Wyoming Worker's Compensation Act. Payment for the blood tests obtained by

---

* Chief Justice at time of expedited conference; retired November 2, 1998.

Williams was denied, and a petition for judicial review led to the case being certified to this Court. We affirm the Findings of Fact, Conclusions of Law & Order Denying Benefits entered by the hearing examiner.

In the Joint Brief of the Appellants, Michael A. Williams & City of Rawlins, the issue is defined as:

Whether the decision of the administrative law judge was unlawful because his decision was arbitrary, capricious and an abuse of discretion or otherwise not in accordance with the law as set forth in the Wyoming Worker's Compensation Act?

In the Brief of Appellee, filed by the State on behalf of the Workers' Safety and Compensation Division (Division), the issue is more concretely stated in this way:

The employee was exposed to blood at work; he presented no evidence that the blood was tainted by any disease; and his HIV and Hepatitis B tests were negative.

A. Was the denial of benefits for the tests either an abuse of discretion or contrary to law?

Williams was employed by the City of Rawlins as a police sergeant. On June 21, 1996, while on duty, and in the scope of his employment, Williams engaged in the apprehension of a suspect who had committed a battery upon two victims at a local bar. In the course of the apprehension and arrest of the subject, Williams and another police officer, Walter Hagan (Hagan), suffered open scratches and scrapes to their hands.[1] At the time of the apprehension and arrest, both Williams and Hagan had their hands exposed to blood from the suspect and blood from the victims.

Their superior officers directed Williams and Hagan to go to the hospital for blood tests. At the hospital, Hagan and Williams were told to wash their hands with antiseptic soap. Their blood then was tested for HIV and Hepatitis B. In addition, Hagan's hands

also were examined by the medical staff at the hospital.

On June 28, 1996, Williams filed a Report of Occupational Injury or Disease with the District Court of the Second Judicial District for the State of Wyoming in and for Carbon County. Williams described his injury by stating that he "[c]ame in contact with blood while arresting a subject whose hands were covered with blood. The Division denied compensation for Williams' blood tests on the premise that contact with blood did not constitute a compensable injury under the Wyoming Worker's Compensation Act.[2] Williams objected to the denial of compensation for the blood tests, and a contested case hearing was conducted. On December 12, 1996, the hearing examiner ruled that the possibility of being exposed to illness or communicable disease did not constitute an injury under the Wyoming Worker's Compensation Act, and Williams' request for payment of the blood tests was denied.

■ Our review is accomplished pursuant to Wyo. Stat. Ann. § 16–3–114(c) (Lexis 1999), which provides:

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

---

1. Williams had previously incurred scrapes and cuts on his hands in the course of performing some plumbing repair work at his home. The hearing examiner found, however, and it is undisputed upon appeal, that in the course of apprehending the suspect, Williams suffered additional wounds to his hands.

2. The Division awarded compensation to Hagan for his medical treatment, including the blood tests for HIV and Hepatitis B. The only apparent distinction was that the medical personnel at the hospital examined Hagan's hands, but did not examine Williams' hands.

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law[.]

The question in this case, whether blood tests pursued as a prophylactic measure, following contact with blood in the course of employment, is a "compensable injury" under the Wyoming Worker's Compensation Act, presents a question of law. If the conclusions of law reached by an agency are correct, its decision is to be affirmed. *Rodgers v. State ex rel. Wyoming Workers' Compensation Div.*, 939 P.2d 246, 249 (Wyo.1997); *Tenorio v. State ex rel. Wyoming Workers' Compensation Div.*, 931 P.2d 234, 237 (Wyo. 1997). On the other hand, if the agency has not invoked the correct rule of law or correctly applied it, we will correct such an error. *Matter of Walsh*, 931 P.2d 241, 243 (Wyo.1997).

▮ The term "injury" in the Wyoming Worker's Compensation Act means compensable injury. *Matter of Injury to Klevgard*, 747 P.2d 509, 510 (Wyo.1987); *Big Horn Coal Co. v. Wartensleben*, 502 P.2d 187, 188 (Wyo. 1972). The statutory definition of an injury is:

> "Injury" means any harmful change in the human organism other than normal aging and includes damage to or loss of any artificial replacement and death, arising out of and in the course of employment while at work in or about the premises occupied, used or controlled by the employer and incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extrahazardous duties incident to the business.

Wyo. Stat. Ann. § 27–14–102(a)(xi) (Michie Cum.Supp.1996).

▮ The rules of statutory construction demand that we look to the ordinary and obvious meaning of the words employed according to their arrangement and construction. *Marshall v. State ex rel. Dept. of Transp.*, 941 P.2d 42, 45 (Wyo.1997); *Newton v. State ex rel. Wyoming Workers' Compensation Div.*, 922 P.2d 863, 865 (Wyo.1996). When the language of the statute is clear and unambiguous, we must follow the plain meaning of that language. *Deloges v. State ex rel.*

*Wyoming Workers' Compensation Div.*, 750 P.2d 1329, 1331 (Wyo.1988), *followed by JA v. CJH*, 923 P.2d 758, 761 (Wyo.1996). A statute is unambiguous if the wording of that provision is such that reasonable persons can agree as to its meaning with consistency and predictability. *Allied–Signal, Inc. v. Wyoming State Bd. of Equalization*, 813 P.2d 214, 220 (Wyo.1991), *followed by State Dept. of Revenue and Taxation v. Pacificorp*, 872 P.2d 1163, 1166 (Wyo.1994).

▮ When we look to the ordinary and obvious meaning of the words, found in Wyo. Stat. Ann. § 27–14–102(a)(xi), "any harmful change in the human organism," an exposure to a potential illness or communicable disease does not fit that language. It is not a function of the judicial department of government to usurp legislative power or endeavor to rewrite a statute. *State ex rel. Albany County Weed and Pest Dist. v. Board of County Com'rs of Albany County*, 592 P.2d 1154, 1158 (Wyo.1979), *followed by Matter of Estate of Zelikovitz*, 923 P.2d 740, 744 (Wyo. 1996) and *Stambaugh v. State*, 613 P.2d 1237, 1243 (Wyo.1980). We hold that coming into contact with unidentified blood in the course of employment is not a covered injury under the Wyoming Worker's Compensation Act. The Division is not required to award as a benefit the cost of blood tests pursued as a precautionary diagnostic measure. The hearing examiner committed no error in so interpreting the Wyoming Worker's Compensation Act.

Williams and the City of Rawlins urge significance in the specific finding of the hearing examiner that Williams suffered additional wounds and scrapes on his hands in the course of apprehending the suspect. They contend that indeed these wounds and scrapes did constitute a compensable injury under Wyo. Stat. Ann. § 27–14–102(a)(xi). Certainly the Division so construed the statute in approving Hagan's claim, and we concede that proposition. Pursuing this argument, Williams and the City of Rawlins contend that the HIV and Hepatitis B blood tests constitute compensable medical and hospital care because they were "reasonable and necessary first aid, medical, surgical or hospital service" in relation to

the wounds and scrapes that were compensable.

■ The additional wounds and scrapes incurred by Williams could fit the statutory definition of a compensable injury under Wyo. Stat. Ann. § 27–14–102(a)(xi). We agree that the HIV and Hepatitis B blood tests well may be "reasonable and necessary first aid, medical, surgical or hospital service" in connection with Williams wounds and scrapes. Wyo. Stat. Ann. § 27–14–102(a)(xii). *See also Forni v. Pathfinder Mines,* 834 P.2d 688, 694 (Wyo.1992) (incidental or ancillary treatment procedures to a compensable injury may be permitted). The rub in this case, however, is that Williams' Report of Occupational Injury or Disease described his injury only as he "came in contact with blood while arresting a subject whose hands were covered with blood." Williams did not describe or refer to open wounds and scrapes in the apprehension of the suspect as constituting his injury, even in part.

■ The claimant has the burden of following the procedures and rules contained within the Wyoming Worker's Compensation Act and the Department Rules and Regulations before he is entitled to worker's compensation benefits. *Gilstrap v. State ex rel. Wyoming Workers' Compensation, Div.,* 875 P.2d 1272, 1273 (Wyo.1994), *followed by Pittman v. State ex rel. Wyoming Workers' Compensation Div.,* 917 P.2d 614, 617 (Wyo. 1996). *See also Borelson v. Holiday Inn,* 911 P.2d 426 (Wyo.1996). We hold the only injury claimed in Williams' report, the exposure to unidentified blood with some future potential for illness or disease, does not constitute an "injury" under the Wyoming Worker's Compensation Act. This argument by Williams and the City of Rawlins fails.

The Findings of Fact, Conclusions of Law & Order Denying Benefits entered by the hearing examiner is affirmed.

THOMAS, Justice, specially concurring; with which LEHMAN, Chief Justice, and GOLDEN, Justice, join.

While I am satisfied with the rationale of the majority opinion and the rules of law followed there, I write separately simply to wonder about the efficiency and fairness of the response of the Worker's Compensation Division to Williams' claim. Because of Officer Hagan's experience, it is painfully clear to me that had Officer Williams asked for even one Band–Aid at the hospital, his claim for the medical expenses, including the blood test, would have been paid in full. It does seem that substantially similar situations were resolved in a disparate fashion by the Division, and perhaps supervisors are not sufficiently sensitive to this prospect as the Division manages claims. Like situations should not lead to disparate results. That does not seem to be fair.

As the hearing examiner found, Williams did sustain additional wounds and scrapes to his hands in the apprehension of the suspect, just like Officer Hagan did. The very narrow premise for distinction was the articulation by Williams of his claim to the Division. What would have been wrong with the Division contacting Williams and seeking clarification with respect to his claim? Perhaps it even would have been fair for the Division to point out that as it was stated, his claim for medical tests could not be paid. The obvious moral of our resolution of this case is that in every instance in which a police officer or perhaps a medical emergency person or perhaps a firefighter encounters blood in the course of aiding an injured person, that person either will forego appropriate assistance or indeed will ask for the Band–Aid in order to have the blood tests covered. Perhaps, the answer is for the legislature to specifically provide for the cost of such tests as a benefit under the statute.

I cannot refrain from one further comment. While the cramped view taken of Williams' claim has been sustained by the Office of Hearing Examiners and by this Court, if the time and effort of State personnel counts for anything, we have achieved a penny wise, pound foolish result. While I must resort to speculation, I am certain that the expense to the State of Wyoming of a contested case hearing before the Office of Hearing Examiners followed by judicial review to this Court cost the State many times

over the cost of the blood tests. That is not sound stewardship of State resources.