This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**HAROLD L. MORRIS, Jr.,**

>  Defendant-Appellant,

v.                                                                                          **NO. 30,635**

**STATE OF NEW MEXICO,**

>  Plaintiff-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

The Appellate Law Office of Scott M. Davidson
Scott M. Davidson
Albuquerque, NM

for Appellant

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant appeals the revocation of his probation, arguing that the State failed to meet its burden of proof regarding the violation of the condition that he does not

violate any criminal statute. In our notice, we proposed to affirm the revocation. Defendant has timely responded to our proposal. We have considered his arguments and not being persuaded, we affirm.

In our notice, we relied on *Maes v. State*, 84 N.M. 251, 252, 501 P.2d 695, 696 (Ct. App. 1972), for the proposition that because conviction of a subsequent offense was not a prerequisite for revocation where the state pleads clear and convincing evidence that the defendant committed the offense, there was no support for Defendant's argument that the State's burden of proof of violation of probation based on violating a criminal statute was "beyond a reasonable doubt." Defendant argues that *Maes* is not persuasive in this case because there was no record in *Maes* that the violation of the defendant's probation was for a violation of law. While the underlying facts in *Maes* are not clear, what is clear is that a conviction for a subsequent offense is not necessary before a probation revocation can be based on that offense.

Defendant continues to assert that when a probation violation is based on violation of law, the violation must be proven beyond a reasonable doubt. We know of no authority and Defendant has cited us none in support of this proposition. Moreover, we have always held that revocation of probation is not a criminal proceeding; thus, the State is required only "to establish that a violation occurred with

a reasonable certainty." *State v. Phillips*, 2006-NMCA-001, ¶ 17, 138 N.M. 730, 126 P.3d 546 (internal quotation marks and citation omitted). We are unconvinced that, where a probation violation is based on violation of state law, the state must prove the violation beyond a reasonable doubt. We see no reason to treat the violation of that condition any differently than any other condition of probation.

Defendant argues that due process requires that the burden of proof for violation of this condition be proof beyond a reasonable doubt. We fail to see why that is the case. We agree that due process protections apply in probation revocation proceedings. *See State v. Sanchez*, 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28 P.3d 1143. But, those protections are satisfied by the burden of proof that we have always used for these proceedings. Defendant's arguments conflate violation of probation based on allegations that he has committed a subsequent crime with actual conviction of that crime. These are two separate matters, two separate proceedings, and having two different burdens of proof is completely consistent with notions of due process. *See State v. Sanchez*, 94 N.M. 521, 523, 612 P.2d 1332, 1334 (Ct. App. 1980) (stating that a hearing on probation revocation "is not a trial on a criminal charge," but rather a hearing determining whether the defendant has breached the probation order). We conclude that there is no due process requirement for establishing violation of a particular condition of probation beyond a reasonable doubt.

For the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____

**JAMES J. WECHSLER, Judge**

_____

**LINDA M. VANZI, Judge**