# IN THE SUPREME COURT, STATE OF WYOMING

## 2021 WY 75A

APRIL TERM, A.D. 2021

June 30, 2021

LACIE ARCHER and EMILY FARLEY,

Appellants
(Proposed Intervenors),

v.

KALLISTA MILLS, as the Wrongful Death
Personal Representative of Carrie Linn,
deceased,

Appellee
(Plaintiff),

and

CHARLES LINN,

Appellee
(Defendant).

S-20-0192

*Appeal from the District Court of Uinta County*
*The Honorable Joseph B. Bluemel, Judge*

*Representing Appellants:*
    Bernard Q. Phelan, Phelan Law Office, Cheyenne, Wyoming.

*Representing Appellee Mills:*
    Raymond B. Johnson, Harris Law Office, Evanston, Wyoming. No Appearance.

*Representing Appellee Linn:*
    Peter H. Christensen, S. Spencer Brown, and Marshall J. Hendrickson, Strong &
    Hanni, Salt Lake City, Utah.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**GRAY, Justice.**[1]

[¶1]    Kallista Mills, the wrongful death representative of decedent Carrie Linn, brought this wrongful death action against Charles Linn, Mrs. Linn's husband.  Lacie Archer and Emily Farley, Mrs. Linn's daughters, moved to intervene.  The district court denied their motion and they appeal.  We affirm.

## ISSUE

[¶2]    The issue is:

> Can heirs of the decedent intervene in a wrongful death action brought by the wrongful death representative?[2]

## FACTS

[¶3]    Mrs. Linn died several days after undergoing elective surgery.[3]  Ms. Mills, her niece, was appointed Mrs. Linn's wrongful death representative pursuant to Wyo. Stat. Ann. § 1-38-103 in a civil action, Docket No. CV-2018-000062 (the appointment action).  Ms. Mills then brought this wrongful death action, Docket No. CV-2018-000117 (the wrongful death action), against Mr. Linn, alleging that he had negligently caused Mrs. Linn's death.[4]  A year later, Ms. Mills signed a "Release of All Claims," releasing Mr. Linn from all causes of action asserted against him in the wrongful death action.

---

[1] The opinion published in *Archer v. Mills*, 2021 WY 75, published on June 9, 2021, 2021 WL 2350967 (Wyo.), is amended by this opinion.  The earlier opinion has no further force or effect.

[2] The appellants present two issues: whether a wrongful death representative must obtain the consent of the beneficiaries before stipulating to the dismissal of the wrongful death action; and whether the dismissal of the action in this case based upon an alleged failure to serve counsel was an abuse of discretion.  We conclude that the appellants were statutorily precluded from intervening in this action and affirm on that basis.  *See Prancing Antelope I, LLC v. Saratoga Inn Overlook Homeowners Ass'n, Inc.*, 2021 WY 3, ¶ 41, 478 P.3d 1171, 1182 (Wyo. 2021) ("[W]e may affirm the district court on any basis that appears in the record.").  We, therefore, do not reach the issue of whether the dismissal based on the appellants' alleged failure to serve its motion to intervene was an abuse of discretion.  Additionally, because the appellants were not permitted to intervene in this action, and we affirm that ruling, they remained strangers to the action and had no standing to appeal the order granting the stipulated motion to dismiss with prejudice.  *See Matter of Paternity of AAAE*, 2020 WY 117, ¶ 13, 471 P.3d 990, 993–94 (Wyo. 2020) ("A nonparty does not have standing as a litigant in a lawsuit.").  As such, we will not address the nature of a wrongful death representative's obligations to the wrongful death beneficiaries or whether beneficiary approval is a condition to settlement or to a stipulated dismissal.  *See, e.g.*, *Wilmot v. Wilmot*, 58 P.3d 507 (Ariz. 2002).

[3] The complaint alleges that Mr. Linn was negligent in caring for Mrs. Linn after her surgery.  According to the death certificate, the cause of death was "asphyxia" and "aspiration."

[4] A probate action was also filed (Docket No. PR-18-20).

1

Subsequently, Ms. Mills and Mr. Linn filed a stipulated motion to dismiss the wrongful death action with prejudice.

[¶4] After the execution of the release but before the filing of the stipulated motion to dismiss, Ms. Archer and Ms. Farley filed a motion to intervene in the wrongful death action.

[¶5] The district court held a hearing on pending motions[5] and because Ms. Archer and Ms. Farley had not served the motion to intervene on counsel of record, it ordered them to serve counsel within ten days of the hearing. It cautioned that failure to do so would result in a dismissal of the action. Ms. Archer and Ms. Farley did not serve the motion within ten days, and the court dismissed the action with prejudice.[6] Ms. Archer and Ms. Farley appeal.

## STANDARD OF REVIEW

[¶6] The determination of whether a party can intervene in a wrongful death action requires an interpretation of the statutes governing wrongful death actions, a question of law reviewed de novo. *Life Care Ctr. of Casper v. Barrett*, 2020 WY 57, ¶ 12, 462 P.3d 894, 898 (Wyo. 2020); *Sullivan v. State*, 2019 WY 71, ¶ 7, 444 P.3d 1257, 1259 (Wyo. 2019), *cert. denied*, 140 S.Ct. 974, 206 L.Ed.2d 130 (2020); *Parkhurst v. State*, 2019 WY 63, ¶ 9, 443 P.3d 834, 836 (Wyo. 2019).

[¶7] When we interpret statutes, our goal is to determine the legislature's intent. We first look to the statute's plain language, and we examine the plain and ordinary meaning of the words to determine whether the statute is ambiguous. *Matter of Adoption of ATWS*, 2021 WY 62, ¶¶ 9–10, 486 P.3d 158, 160 (Wyo. 2021); *In re Est. of Meyer*, 2016 WY 6, ¶ 17, 367 P.3d 629, 634 (Wyo. 2016); *see also Int. of: AA*, 2021 WY 18, ¶ 17, 479 P.3d 1252, 1258 (Wyo. 2021) ("When interpreting . . . statute[s] and [their] application, we first look at the plain language used by the legislature." (citation omitted)).

> A statute is . . . unambiguous if its wording is such that reasonable persons are able to agree on its meaning with consistency and predictability. *Parker Land & Cattle* [*Co. v. Game & Fish Comm'n*, 845 P.2d 1040,] 1043 [(Wyo.1993)]. Conversely, a statute is ambiguous if it is found to be vague or uncertain and subject to varying interpretations. *Id.* . . .

---

[5] At the hearing, the court also heard motions filed in the probate and appointment actions. Those motions are not relevant to this appeal.

[6] The district court made an oral ruling at the hearing on May 7, 2020. There is no transcript of the hearing in the record. Both orders were signed on July 9, 2020.

Ultimately, whether a statute is ambiguous is a matter of law to be determined by the court. *Allied-Signal* [*v. Wyo. State Bd. of Equalization*], 813 P.2d [214,] 219 [(Wyo.1991)].

*Meyer*, ¶ 17, 367 P.3d at 634 (quoting *Wyo. Cmty. Coll. Comm'n v. Casper Cmty. Coll. Dist.*, 2001 WY 86, ¶ 17, 31 P.3d 1242, 1249 (Wyo. 2001)).

## DISCUSSION

[¶8]    Wyoming's statutes establish the procedure for bringing a wrongful death action. *See* Wyo. Stat. Ann. §§ 1-38-101 through -105.  Wyo. Stat. Ann. § 1-38-102(a) states: "Every wrongful death action under W.S. 1-38-101 **shall be brought by and in the name of the decedent's wrongful death representative** for the exclusive benefit of beneficiaries who have sustained damage."  Wyo. Stat. Ann. § 1-38-102(a) (LexisNexis 2019) (emphasis added).[7]

[¶9]    We have consistently found the word "shall" in a statute to be mandatory.  *In re MN*, 2007 WY 189, ¶ 5, 171 P.3d 1077, 1080 (Wyo. 2007); *see also Stutzman v. Off. of Wyo. State Eng'r*, 2006 WY 30, ¶ 17, 130 P.3d 470, 475 (Wyo. 2006) ("Where the legislature uses the word 'shall,' this Court accepts the provision as mandatory and has no right to make the law contrary to what the legislature prescribed."); *see also Merrill v. Jansma*, 2004 WY 26, ¶ 42, 86 P.3d 270, 288 (Wyo. 2004); and *In re DCP*, 2001 WY 77, ¶ 16, 30 P.3d 29, 32 (Wyo. 2001).  "The choice of the word 'shall' intimates an absence of discretion . . . ."  *In re LePage*, 2001 WY 26, ¶ 12, 18 P.3d 1177, 1180 (Wyo. 2001).

[¶10]  Here, the word "shall" is unambiguous.  Section 102(a) requires wrongful death actions to be brought by the wrongful death representative.  The statute does not permit anyone other than the wrongful death representative to bring a wrongful death action. This Court confirmed the proceeding appointing a wrongful death representative "is to be a separate action, meaning separate from any wrongful death action brought pursuant to § 101, and separate from any action to approve a settlement brought pursuant to § 102(e)."  *Life Care*, ¶ 18, 462 P.3d at 899.  Once a party is named the wrongful death representative, that party may bring a wrongful death action.  Wyo. Stat. Ann. § 1-38-102(a).

---

[7] Wyo. Stat. Ann. § 1-38-101 provides,

> Whenever the death of a person is caused by wrongful act, neglect or default such as would have entitled the party injured to maintain an action to recover damages if death had not ensued, the person who would have been liable if death had not ensued is liable in an action for damages . . . .

Wyo. Stat. Ann. § 1-38-101 (LexisNexis 2019).

[¶11]  Section 103(c) states that "[t]he appointment of the wrongful death representative is a procedural device intended to provide a representative to investigate and bring an action under W.S. 1-38-101. . . ."  Wyo. Stat. Ann. § 1-38-103(c).  This, together with section 102(a), which states that wrongful death actions "shall be brought by" the wrongful death representative, demonstrates that the legislature intended that only the wrongful death representative may bring wrongful death actions.  The rationale for this requirement is sound.  The statutory procedure provides certainty in wrongful death actions, where there may be multiple beneficiaries that have sustained damage due to the decedent's death.  It assures wrongful death defendants that all claims will proceed in a single action brought for the benefit of any beneficiaries.  Wyo. Stat. Ann. §§ 1-38-102(a), 1-38-103(c).

[¶12]  The process, however, does not leave those beneficiaries not named as a wrongful death representative without recourse.  Anyone claiming to qualify as a wrongful death representative may intervene in the separate appointment proceeding as a matter of right and may file motions to reconsider the appointment of a wrongful death representative.  *See* Wyo. Stat. Ann. §§ 1-38-103(b) and 1-38-104.  Wyo. Stat. Ann. § 1-38-103(b) provides:

> The appointment [of a wrongful death representative] shall be made in a separate action brought solely for appointing the wrongful death representative.  **In any action in which appointment of the wrongful death representative is sought, any person claiming to qualify under W.S. 1-38-104(a) may intervene as a matter of right.**  After an action to appoint the wrongful death representative is filed . . . [n]o subsequent action for appointment may be maintained . . . .

Wyo. Stat. Ann. § 1-38-103(b)(i) (LexisNexis 2019) (emphasis added).  Section 104 provides:

> (a)  In appointing the wrongful death representative, the court shall determine the person who will best represent the interests of the potential beneficiaries of the action as a whole.
>
> (b)  In determining whether the best interests of potential beneficiaries as a whole will be served by appointment of the wrongful death representative, the court shall consider:
>
> > (i)  The familial or other relationship of the person making application to the decedent;

4

(ii) The interests of the person making application in relation to the interests of other potential beneficiaries as a whole;

(iii) Actions taken to secure appointment as the wrongful death representative and to protect the interests of all potential beneficiaries;

(iv) Such other factors as the court deems relevant.

(c) No appeal shall be allowed from an order appointing the wrongful death representative. **The court, however, may entertain a motion to reconsider an appointment of the wrongful death representative**.

Wyo. Stat. Ann. § 1-38-104 (LexisNexis 2019) (emphasis added).

[¶13] In accordance with the statutory framework, Ms. Mills was appointed the wrongful death representative for Mrs. Linn. Undoubtedly, as Mrs. Linn's daughters, Ms. Archer or Ms. Farley would have "qualified" as her wrongful death representative under section 104. Either could have intervened in the appointment action as a matter of right. The record in the appointment action is not before the Court. Nothing in the record before the Court indicates a motion to intervene or a motion to reconsider the appointment of Ms. Mills as the wrongful death representative was filed. *See* Wyo. Stat. Ann. §§ 1-38-103(b) and 1-38-104.

[¶14] Instead, Ms. Archer and Ms. Farley sought to intervene in this separate wrongful death action brought by Mrs. Linn's wrongful death representative, Ms. Mills. The statute allows only one plaintiff in wrongful death actions—the wrongful death representative. Wyo. Stat. Ann. § 1-38-102(a); *supra* ¶ 10. Ms. Mills is Mrs. Linn's wrongful death representative. Ms. Archer and Ms. Farley's intervention is precluded.

## *CONCLUSION*

[¶15] Wyoming's wrongful death statutes mandate a wrongful death action be brought by the duly appointed wrongful death representative for the benefit of all beneficiaries. Beneficiaries, unless appointed as the wrongful death representative, are precluded from intervening in wrongful death actions. We affirm.